## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | |
|---|---|
| FLO Corporation　　　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　* | |
| 　　　　Plaintiff　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　* | |
| VS.　　　　　　　　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　*　　NO: 4:07CV00541　SWW | |
| Little Rock Municipal Airport　　* | |
| Commission　　　　　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　* | |
| 　　　　Defendant　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　* | |
| 　　　　　　　　　　　　　　　　　* | |

### ORDER of DISMISSAL

FLO Corporation ("FLO") commenced this action pursuant to the Court's diversity jurisdiction against the Little Rock Municipal Airport Commission ("Commission"). Verified Identity Pass, Inc. ("Verified") filed an unopposed motion to intervene as of right under Fed. R. Civ. P. 24(a), and the Court granted the motion.

On Tuesday, June 12, 2007, the Court held a hearing, which was originally scheduled for the purpose of taking up FLO's motion for a preliminary injunction. By order entered June 11, 2007, the Court *sua sponte* raised the question of whether subject matter jurisdiction exists in this case--specifically, whether the amount in controversy exceeds $75,000. The Court directed the parties to prepare to address the issue of subject matter jurisdiction at the opening of Tuesday's hearing. For the reasons stated from the bench, and repeated below, the Court finds that this action must be dismissed for lack of subject matter jurisdiction.

According to the complaint allegations, in February 2007, the Commission issued a

request for proposals from firms interested in providing registered traveler services at the Little Rock National Airport.  FLO and Verified submitted proposals to the Commission, and the Commission selected Verified as the successful proposer.  FLO claims that the Commission disclosed FLO's confidential proposal information to Verified, giving Verified an unfair advantage in the competitive process.

By way of relief, FLO seeks a preliminary injunction prohibiting the Commission from executing a registered traveler contract with Verified, and a permanent injunction directing the Commission to (1) award the contract to FLO or (2) reopen discussions, reevaluate proposals, and make a new award decision.  Because FLO seeks declaratory and injunctive relief only, the amount in controversy is measured by the value of the object of the litigation.  *See James Neff Kramper Family Farm Partnership v. IBP, Inc*. 393 F.3d 828, 833 (8th Cir. 2005).  Additionally, Eighth Circuit precedent requires the Court to rely solely on the plaintiff's viewpoint in determining the amount in controversy. *See Smith v. American States Preferred Ins. Co.*, 249 F.3d 812, 813 (8th Cir. 2001).

The value of the object of the litigation is the monetary benefit, if any, to FLO  if the injunctive relief requested were granted.  "In a diversity litigation the value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." *Thomson v. Gaskill,* 315 U.S. 442, 447 (1942)(quoting *Wheless v. St. Louis*, 180 U.S. 379, 382 (1901)).

As stated from the bench during the hearing, the Court finds that the decision in *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc*., 120 F.3d 216 (11th Cir. 1997), is directly on point in this case.  In *Ericsson*, an unsuccessful bidder on city

project brought a diversity action under Alabama law to enjoin execution of a contract between the city and the successful bidder. The plaintiff also sought a declaration that it was the lowest bidder, and thus entitled to the contract with the city. On appeal, the Eleventh Circuit found subject matter jurisdiction lacking because the sole remedy available to an unsuccessful bidder under state law was an injunction voiding contract between successful bidder and the city, and the value of voiding the contract was not sufficiently measurable and certain to satisfy the amount-in-controversy requirement for diversity jurisdiction.

Similarly, in this case, the Court finds that Arkansas law provides no basis for mandating that the Commission award a contract to FLO. Additionally, the Court finds that the monetary value to FLO of injunctive relief requiring the Commission to reopen discussions, reevaluate proposals, and make a new award is speculative and not sufficiently measurable to satisfy the $75,000 amount-in-controversy requirement.

IT IS THEREFORE ORDERED that, pursuant to the judgment entered together with this order, this action is DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS SO ORDERED THIS 12TH DAY OF JUNE, 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE